**MEMORANDUM**
**TO THE HONORABLE FREDERIC BLOCK**
Senior United States District Judge

Re: Robertson, Vincent
Docket No.: 05-CR-433
**Request For Court Direction**

On November 12, 2009, the undersigned officer submitted a violation of probation report to the Court charging the offender with failing to notify the Probation Department of a change of address; failure to report; and failure to participate in sex offender treatment. On December 19, 2009, the offender was arrested by the U.S. Marshal Service on a violation warrant at a Howard Johnson motel in Long Island City. The offender appeared before Magistrate Judge Reyes that same day, and was released on his own recognizance.

On February 25, 2010, the Probation Department submitted a violation of probation addendum and requested the inclusion of another violation charge. Specifically, failure to comply with the Computer and Internet monitoring program.

On March 25, 2010, we had our initial appearance before Your Honor, wherein you ordered that the offender continue to comply with his conditions of probation, especially his sex offender treatment. On July 8, 2010, all parties appeared before Your Honor for a status conference. On said date, Your Honor adjourned the case to September 22, 2010, and ordered that the offender be placed on electronic monitoring in the interim. During the appearance the undersigned officer erroneously informed Your Honor that the only way for our office to electronically monitor the offender without a land telephone line was through a global positioning system (GPS). Based on same, the order issued by the Court specifically indicates GPS monitoring. However, we write to inform Your Honor that we were able to utilize a more economical method, using a cellular phone device, that achieves the same goal. Though the device does not specify the offender's exact location, it does monitor his comings and goings from his residence. The offender provides the Probation Department with his weekly schedule in advance, and we have been able to confirm his compliance through frequent field visits. We hope this method of electronic monitoring is agreeable to Your Honor. Based on the aforementioned, we request that Your Honor impose the following condition in lieu of the GPS monitoring: "*Until otherwise noted, the defendant shall remain in his or her home of record. The defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the Probation Department. The home confinement period shall commence on a date approved by the Probation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for Home Confinement by the Probation Department and the Administrative Office of U.S. Courts.*"

Prepared by: _____
Erin Weinrauch, U.S. Probation Officer

Approved by: _____
Lawrence Andres, Supervising U.S. Probation Officer

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 24 2010 ★

BROOKLYN OFFICE

The Court directs the following:

| | | |
|---|---|---|
| Amend the condition, as recommended by the Probation Department: | s/Frederic Block | 9-23-10 |
| | Frederic Block, Senior U.S. District Judge | Date |
| | | |
| Commence GPS monitoring: | _____ | _____ |
| | Frederic Block, Senior U.S. District Judge | Date |
| | | |
| Other: | _____ | _____ |
| | Frederic Block, Senior U.S. District Judge | Date |

August 17, 2010